## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| COAKLEY & WILLIAMS CONSTRUCTION, INC., 7475 Wisconsin Avenue Suite 900 Bethesda, MD 20814 | ) ) ) ) ) ) ) | |
| *Plaintiff,* | ) ) | Case No. _____ |
| v. | ) ) | |
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA Corporation Service Company 2595 Interstate Drive Harrisburg, PA 17110 | ) ) ) ) ) ) ) | |
| *Defendant.* | ) ) ) | |

## COMPLAINT

Plaintiff Coakley & Williams Construction, Inc. ("Coakley"), for its Complaint against The Insurance Company of the State of Pennsylvania ("ISOP" or the "Defendant"), alleges as follows:

### PRELIMINARY STATEMENT

1.     This case concerns an insurance coverage dispute arising out of, among other things, property damage at a construction project at the BWI Airport in Baltimore, Maryland and a claim asserted by the Maryland Transportation Authority ("MTA") against Coakley relating to that damage. For almost three (3) years, ISOP (which is an AIG insurance company) failed and refused to acknowledge its duty to defend and

indemnify Coakley against claims for damage arising out of that property damages, defense costs, and other covered losses. When ISOP finally acknowledged it owed Coakley coverage, ISOP nonetheless ignored Coakley's pleas to participate in and pay for a reasonable settlement with MTA and, instead, told Coakley that it should pay for any settlement on its own and ISOP would decide what it wanted to do later. When pressed about a timeline, Coakley was told that ISOP was a big company and "had a process" that it followed, and that no dates or timelines would be provided.

2.      ISOP has acted egregiously. It has consistently placed its own interests above those of its insureds. Its behavior in this case exemplifies the worst stereotypes of bad insurance company behavior. Its pattern and practice of bad faith in claims handling and policyholder treatment show a callous indifference to the rights of its policyholders and heavy-handed sense of corporate entitlement. Its behavior is so bad that punitive damages are warranted in order to deter and prevent such behavior in future cases.

3.      As a result of ISOP's breach of contract and breach of fiduciary duties, Coakley seeks damages against ISOP for its out-of-pockets costs incurred in repairing property damage, costs paid by Coakley to settle claims for property damage and other covered losses, attorneys' fees and related costs (including interest thereon) incurred by Coakley defending claims for property damage and other covered losses, and other damages and relief. Coakley also seeks a declaratory judgment concerning the rights and responsibilities of the parties. Finally, Coakley seeks punitive damages against ISOP in an amount of no less than $3,000,000 for ISOP's intentional and malicious breaches of its duties to Coakley.

## PARTIES

4.      Plaintiff Coakley is a Maryland corporation with its principal place of business located at 7475 Wisconsin Avenue, Suite 900, Bethesda, Maryland 20814.

5.      Upon information and belief, Defendant ISOP is a Pennsylvania corporation with its principal place of business at 2595 Interstate Drive, Harrisburg, Pennsylvania 17110.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      This Court has personal jurisdiction over ISOP because ISOP insured risks in Maryland.  MD. CODE ANN., CTS. & JUD. PROC. § 6-103(b)(6).

8.      Venue is proper in the District Court of Maryland (Baltimore Division) pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims at issue in this Complaint took place in this District.

## FACTS COMMON TO ALL COUNTS

9.      On or about August 4, 2000, the MTA, as owner, entered into a contract with Coakley, as general contractor, for the construction of the MARC Station Parking Garage Expansion at BWI Airport (the "Parking Garage").   Coakley entered a subcontract with Facchina Construction Company ("Facchina"), as subcontractor, to construct portions of the Parking Garage.

10.     ISOP[1] provided commercial general liability insurance to the MTA, Coakley, and Facchina through an Owner Controlled Insurance Program Policy No. GL 933-09-60 RA (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A.

11.     The "first named insured" on the Policy was the MTA. Coakley and Facchina were named insureds on the Policy.

12.     All premiums due and owning for the Policy were paid and accepted by ISOP.

13.     In or around March, 2009, damage caused by property damage was discovered in the Parking Garage. Coakley performed certain necessary repairs to the Parking Garage and as a result incurred costs totaling over $500,000. ISOP was timely notified of the damage and the MTA claim related to it.

14.     On or around June 15, 2011, Coakley filed a lawsuit against Facchina in the Circuit Court for Anne Arundel County, Maryland, seeking indemnification for the repair costs.[2] Facchina filed a cross-claim against Coakley. ISOP assumed Facchina's defense against Coakley's claim and paid Facchina's legal fees pursuant to the Policy.

15.     On or about March 2, 2012, MTA filed an administrative claim in the amount of $724,706.62 against Coakley, alleging that Coakley was responsible for property damage at the Parking Garage (the "MTA Claim"). A true and correct copy of

---

[1] ISOP is a wholly-owned subsidiary of American International Group ("AIG") (formerly, Chartis Inc.).

[2] *Coakley and Williams Construction, Inc. v. Hayes, Seay, Mattern and Mattern, Inc., et al.*, Case No. 02-C-11-161966. That action was subsequently dismissed and re-filed as Case No. 02-C-13-17610. Those actions are collectively referred to as the "Facchina Lawsuit."

the MTA Claim is attached hereto as Exhibit B. Coakley timely reported the MTA Claim to ISOP.

16.     Because the MTA Claim arose out of the same underlying facts as the Facchina Lawsuit -- in which ISOP acknowledged its duty to defend Facchina -- ISOP had an identical obligation to assume Coakley's defense against the MTA Claim.

17.     When Coakley notified ISOP of the MTA Claim, ISOP provided no assistance to Coakley in connection with the defense of that claim, though it acknowledged an obligation to pay Coakley's defense costs.

18.     For over two (2) years, Coakley and its attorneys urged ISOP to assume Coakley's defense. When ISOP requested more information, Coakley timely provided it. When ISOP requested more time, Coakley waited. All the while, Coakley was forced to pay out of pocket to defend against the MTA Claim.

19.     On or around May 24, 2013, over two (2) years after MTA filed its claim, ISOP agreed to provide a defense to Coakley. A true and correct copy of the letter from ISOP's Diane Pardee to Coakley, dated May 24, 2013, is attached hereto as Exhibit C.

20.     When ISOP assumed the duty of defense, it acknowledged a fiduciary obligation to protect Coakley's interests, as insured, above its own.

21.     In violation of this fiduciary obligation, ISOP made no effort to support Coakley's efforts to resolve the MTA Claim.

22.     On or about June 18, 2013, MTA made a settlement demand on Coakley, and gave Coakley a June 26, 2013 deadline to respond. Coakley promptly conveyed the demand to ISOP. ISOP acknowledged receipt of the demand but insisted that it needed more time to evaluate the demand.

23.     Coakley, putting its settlement position at risk, negotiated an extension from MTA until July 12, 2013, to respond to the demand.

24.     On or around July 1, 2013, Coakley sent a letter to ISOP explaining why accepting MTA's settlement offer (without admitting fault) was in Coakley's best interests and requesting that ISOP pay the settlement in full and reimburse Coakley for its legal costs.

25.     On or around July 8, 2013, ISOP informed Coakley that it would be impossible to reply to the demand within the allotted time, stating that "ISOP . . . will not be prepared by July 12, 2013, to participate in the settlement."  As further explanation, ISOP explained (through counsel) that it had a "process" that needed to be followed.

26.     For nearly three (3) months, ISOP deflected and, at times, flat-out ignored, Coakley's urgent requests for assistance with the MTA settlement, leaving Coakley to fend for itself.

27.     But ISOP did not object to the MTA settlement and, in fact, suggested that it might be in Coakley's best interests to accept the settlement and then negotiate reimbursement from ISOP at a later date.  Coakley then accepted the settlement proposal, without objection (or assistance) from ISOP.

28.     ISOP's refusal to authorize (or even acknowledge) the settlement is egregious, intentional, and in bad faith.  In violation of ISOP's fiduciary duties to its insured, ISOP placed its own interests above those of Coakley when it ignored Coakley's attempts to settle with MTA.

## COUNT I
### Breach of Contract

29.     Coakley incorporates by reference and re-alleges the allegations of paragraphs 1 through 28, inclusive, as though fully set forth herein.

30.     The Policy is a valid and enforceable contract.

31.     ISOP received all consideration due for performance of the contract.

32.     Coakley has satisfied all conditions precedent to performance of the contract by ISOP under the plain language of the Policy.

33.     ISOP's refusal to defend and indemnify Coakley is a breach of contract.

34.     ISOP breached the contract intentionally, willfully, and with malice. ISOP's actions in breaching the contract rise to the level of tortious conduct in which punitive damages are warranted in this breach of contract claim because ISOP's misconduct and abuse of were:

A.     outside the scope or expectation of the parties to the contract,

B.     involved deliberate misconduct not contemplated by the parties,

C.     involved independent misconduct and misuse of a contractual relationship by ISOP,

D.     violated ISOP's implied duty of good faith and fair dealing,

E.     caused damages to Coakley outside the contemplation of the contracting parties,

F.     sufficiently egregious that punitive damages should be imposed so that ISOP thinks twice about behaving so badly in the future.

35.    Coakley has been damaged by ISOP's breach, because ISOP's breach of contract has caused Coakley to incur actual damages in an amount greater than $1,000,000.

WHEREFORE, as to Count I of this Complaint, Coakley respectfully requests that the Court enter money judgment in Coakley's favor, including actual damages of no less than $1,000,000 and punitive damages of no less than $3,000,000, as follows:

A.    Actual damage in an amount of no less than $500,000, including costs incurred by Coakley repairing property damage to the Parking Garage.

B.    Actual damage in an amount of no less than $350,000, the full amount of the settlement of the MTA Claim;

C.    An amount sufficient to reimburse Coakley for defense costs incurred in defending the MTA Claim (and which ISOP has acknowledged it owes Coakley);

D.    An amount sufficient to reimburse Coakley for expenses and litigation costs incurred in urging ISOP to acknowledge its duty to defend for approximately three (3) years and for urging ISOP to authorize the settlement;

E.    Interest on all actual damages, expenses, and litigation costs incurred by Coakley, computed at the rate allowed under the Maryland Insurance Code § 11-107(a), from the date on which Coakley would have been reimbursed for the settlement of the MTA Claim if ISOP had acted in good faith;

F.     Punitive damages in an amount sufficient to deter ISOP from such wrongful conduct in the future, in an amount no less than three times Coakley's actual damages; and

G.     Such other relief as the Court may deem just and proper.

## COUNT II
### Breach of Fiduciary Duty

36.     Plaintiff incorporates by reference and re-alleges the allegations of paragraphs 1 through 35, inclusive, as though fully set forth herein.

37.     When ISOP acknowledged and assumed the duty to defend Coakley, it assumed a fiduciary duty to protect Coakley's rights and, as a fiduciary, had the following obligations:

A.     To perform the obligations of the Policy in compliance with the covenant of good faith and fair dealing;

B.     To exercise the standard of care expected of a third party insurer; and

C.     To protect Coakley's interests, as insured, and to place Coakley's interests above its own.

38.     ISOP breached its fiduciary duty to Coakley when, among other things, it refused to respond to, or even acknowledge, the MTA's settlement demand.

39.     ISOP breached its fiduciary duty intentionally, recklessly, willfully, and with malice.

WHEREFORE, as to Count II of this Complaint, Coakley respectfully requests that the Court enter money judgment in Coakley's favor, including actual damages of no less than $1,000,000 and punitive damages of no less than $3,000,000, as follows:

A. Actual damage in an amount of no less than $500,000, the costs incurred by Coakley repairing property damage to the Parking Garage.

B. Actual damage in an amount of no less than $350,000, the full amount of the settlement of the MTA Claim;

C. An amount sufficient to reimburse Coakley for defense costs incurred in defending the MTA Claim;

D. An amount sufficient to reimburse Coakley for expenses and litigation costs incurred in urging ISOP to acknowledge its duty to defend for approximately three (3) years and for urging ISOP to authorize the settlement;

E. Interest on all actual damages, expenses, and litigation costs incurred by Coakley, computed at the rate allowed under the Maryland Insurance Code § 11-107(a), from the date on which Coakley would have been reimbursed for the settlement of the MTA Claim if ISOP had acted in good faith;

F. Punitive damages in an amount sufficient to deter ISOP from such wrongful conduct in the future, in an amount no less than three times Coakley's actual damage; and

G. Such other relief as the Court may deem just and proper.

**COUNT III**
**Declaratory Judgment**

40. Coakley incorporates by reference and re-allege the allegations of paragraphs 1 through 39, inclusive, as though fully set forth herein.

41.     Coakley seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a question in actual controversy between the parties.

42.     There is a real, substantial, and justiciable issue in controversy between the parties hereto with respect to the amount of money ISOP is obligated to pay Coakley per the Policy to reimburse Coakley for its defense costs, legal fees, settlement of the MTA Claim, and costs to repair property damage to the Parking Garage.

43.     A judicial determination and a declaration of rights and obligations of the parties are necessary and appropriate at this time because the Plaintiff has no adequate remedy at law which will resolve the current controversy.

WHEREFORE, as to Count III of this Complaint, and pursuant to 28 U.S.C. § 2201, Coakley respectfully requests that the Court enter a judgment in its favor, as follows:

      A.     Granting Coakley a money judgment in the amount of no less than $500,000, the costs incurred by Coakley repairing property damage to the Parking Garage.

      B.     Granting Coakley a money judgment in the amount of $350,000, the full amount of the settlement of the MTA Claim, as well as its reasonable legal fees and costs incurred in prosecuting this action;

      C.     Granting Coakley a money judgment in an amount sufficient to reimburse Coakley for all defense costs incurred in defending the MTA Claim;

      D.     Declaring that Coakley is entitled to interest on all actual damages, expenses, and litigation costs incurred by the Plaintiff, computed at the

rate allowed under the Maryland Insurance Code § 11-107(a), from the date on which Coakley would have been reimbursed for the settlement of the MTA Claim if ISOP had acted in good faith;

E.      Granting Coakley such other relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. Proc. 38(b), Plaintiff requests a trial by jury on the matters asserted in the above Complaint.

Respectfully submitted,


/s/
Stephen D. Palley, Esq. (Bar No. 28929)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, NW
Washington, DC 20005
Telephone:    (202) 326-5075
Fax:    (202) 336-5275
E-mail:sdpalley@ober.com


/s/
Michael A. Schollaert (Bar No. 27723)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
100 Light Street, 19th Floor
Baltimore, MD  21202
Telephone:    (410) 685-1120
Fax:    (443) 263-7535
E-mail:maschollaert@ober.com

*Attorneys for Plaintiff*
*Coakley & Williams Construction, Inc.*

Dated:  September 16, 2013